J-S12018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FILY DANIOKO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YOUNOUSSOU NDIAYE | : | |
| | : | |
| Appellant | : | No. 1903 EDA 2019 |

Appeal from the Order Entered May 30, 2019
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  D06098468

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED APRIL 13, 2020**

Younoussou Ndiaye (Appellant), appeals from the order entered in the

Philadelphia Court of Common Pleas Family Court, granting the motion for

special relief, filed by Fily Danioko (Appellee) in this divorce action.  We affirm.

In 2006, Appellee filed a complaint in divorce against her husband,

Appellant.  On April 19, 2011 the trial court entered a divorce decree and

order.  The court also directed, pertinently, that the parties' marital residency

be held in joint tenancy until either: (1) the parties' youngest child reached

age 18 or graduated high school; or (2) Wife chose to vacate the property.

When either of these conditions occurred, the property was to be sold and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

proceeds were to be distributed equally to the parties. Neither party appealed from the April 19, 2011, decree and order.

Eight years later, on April 3, 2019, Appellee filed the instant motion for special relief, seeking enforcement of the divorce order, specifically, the sale of the marital residence. On May 30, 2019, the trial court conducted a hearing and issued an order, directing Appellant to vacate the property within 30 days while also appointing David Averett, Esq. as attorney-in-fact for Appellant for purposes of selling the property. The court directed that Attorney Averett shall have all rights to sign any sale documents on behalf of Appellant.

On June 28, 2019, Appellant filed the instant counseled appeal.[1] The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and he did not file one.

Appellant's counseled brief presents six issues in his "statement of questions presented":

1. Did the Court abuse its discretion by not Granting [Appellant's] request for Continuance for lack of sufficient translator?

2. Did the Court abuse its discretion by finding common law marriage?

3. Did the Court abuse its discretion by not Granting [ ] the oral Motion for Continuance of the May 30, 2019, Petition for Special Relief requested by Appellant . . . as Appellee failed to appear for the subject hearing?

---

[1] Pennsylvania Rule of Civil Procedure 1920.52(a)(1) provides in claims involving marital property, a post-trial motion may not be filed. Pa.R.C.P. 1920.52(a)(1).

4. Did the Court abuse[ ] its discretion and err[ ] as a matter of law by appointing David Averett, Esquire, to act as attorney in fact at a closing on behalf of [Appellant]?

5. Did the Court abuse its discretion and err[ ] as a matter of law by Ordering [Appellant] to vacate his property located at 520 E. Godfrey Avenue, Philadelphia, PA 19120, sell said property and share the net profits with [Appellee]?

6. Did the Court abuse[ ] its discretion and err[ ] as a matter of law in its April 19, 2011, finding of Divorce?

Appellant's Brief at 2-3.

Appellant's brief does not contain an "argument" section. His "summary of argument" section spans two pages and four lines. The first page and a quarter set forth law for the appealability of an order and final orders generally. Appellant's Brief at 4-5. Appellant then presents, in one paragraph, the following arguments:

> [He] has maintained throughout the many years of proceedings that he and . . . Appellee were never married. Appellee produced a video that she alleged was evidence of a marriage ceremony that was held in Mali Bamako West Africa in 1995. However, in 1990, Appellant came to the United States and has since never returned to Mali Bamako West Africa, therefore the person seen in the video of the alleged marriage ceremony could not have been . . . Appellant. The video alone does not constitute clear and convincing evidence of a legal marriage.

Appellant's Brief at 5. Appellant also contends, without further discussion, that he purchased the subject property "and never placed Appellee on the Deed." *Id.* at 5. Appellant requests this Court to reverse not only the May 30, 2019, order, but also the 2011 divorce decree and order.

Appellee argues Appellant's issues should be deemed waived. Appellee's Brief at 8-9. We agree.

Pennsylvania Rule of Appellate Procedure 2111(a)(8) states an appellant's brief must contain an "[a]rgument" section, "separately and distinctly entitled." Pa.R.A.P. 2111(a)(8). "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "If reference is made to the pleadings, evidence, . . . opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c). Further,

> [a]ppellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.

*Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted).

Here, Appellant's brief does not include any "argument" section, in contravention of Rules 2111(a)(8) and 2119. To the extent we consider Appellant's "summary of argument," there is no discussion of four of Appellant's questions presented, those concerning: the denial of a continuance

for lack of a proper translator, Appellee's non-appearance at the hearing, the appointment of an attorney-in-fact to execute sale documents for the property, and the court's requirement that Appellant vacate the property. Accordingly, these issues are waived. *See* Pa.R.A.P. 2111(a)(8), 2119(a); *Lackner*, 892 A.2d at 29-30.

Finally, Appellant's claims, that he and Appellee were never lawfully married and that he solely owned the marital residence, were not properly before the trial court in the latest proceeding. Instead, these issues were resolved by the trial court eight years earlier in its April 19, 2011 order, from which neither party appealed. Accordingly, no relief is due on those issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20